JOHN S. McMASTER, receiver,

*v.*

CHARLES H. DREW et al.

[Argued October 31st, 1905. Decided January 2d, 1906.]

1. Where a petition by the receiver of an insolvent corporation showed that certain shares of stock of the corporation had been issued by it in payment for property conveyed to it, which conveyance was thereafter judicially declared void, so that the consideration for the shares of stock issued in payment wholly failed, and that the shares had been transferred to various persons, it was within the court's discretion to grant leave to file a bill in behalf of the parties interested to determine the rights of such stockholders.

2. A bill by the receiver of an insolvent corporation to determine who the stockholders are need not disclose whether the assets the receiver has reached, or may reach, are sufficient to satisfy the creditors.

3. On demurrer to a bill by the receiver of an insolvent corporation to determine who the stockholders of such corporation are, the court will not consider whether, by the proceedings in the original cause, it has been made to appear that there are no assets sufficient to satisfy creditors.

On demurrer to bill.

*Mr. Charles D. Thompson,* for the demurrants.

*Mr. Norman Grey,* for the complainant.

MAGIE, CHANCELLOR.

The bill in this cause asserts that in a cause in this court wherein the Denver City Water Works Company was complainant and the American Water Works Company was defendant, the last-named company was decreed to be insolvent, on the 20th day of July, 1892, and that by subsequent proceedings John S. McMaster was appointed its receiver.

It further asserts that upon a petition of the complainant in said cause an order was made, on July 12th, 1904, permitting

the receiver to file the bill now before me, upon his being furnished security to protect him and the fund from the costs and expenses of the suit.

The receiver thereafter filed the bill, and on the 3d day of October, 1905, an order to show cause why a preliminary injunction should not issue was made. Defendant's counsel appeared in opposition to the allowance of the injunction, and also moved that an order be made requiring the receiver to show cause why the order permitting him to file the bill should not be set aside. The motion was denied and the preliminary injunction was allowed.

The petition on which leave to file the bill was granted showed that certain shares of stock of the insolvent corporation had been issued by it in payment for property conveyed to it, and that afterward a competent court had decreed that the conveyance of the property was absolutely void and of no effect, so that the consideration for the shares of stock issued in payment therefor had wholly failed. It was also made to appear that the shares had been transferred by the company by which the conveyance had been made, and to which the shares had been issued, to various persons. Under those circumstances, leave to file the bill was asked in behalf of parties interested to determine the rights of such stockholders. It does not admit of doubt that such a bill could have been filed by the corporation, but for the fact that it had become insolvent. By reason of its insolvency, no proceeding involving this matter could be taken by anyone except the receiver, and by him only by leave of the court. I judged that it was proper to allow the receiver to act, although I required security to be given to protect him and the fund.

The propriety of the course adopted has again been challenged upon this argument, and I have reviewed the question.

I remain convinced that the order for leave to file the bill was within the discretion of the court.

The bill filed by the receiver exhibits the same state of facts, and its prayer is for the return to him of the shares of stock, the consideration for which has wholly failed. This involves

the same question presented by the petition for leave to file the bill.

The receiver of an insolvent corporation holds its property and franchises for the benefit of the creditors, and if a surplus, after satisfying the creditors and the expenses of the receivership, remains, then for the benefit of the stockholders. He may therefore seek to find out who are the stockholders to whom he may eventually be liable. It is not necessary that his bill seeking to have determined who the stockholders are should disclose whether the assets he has reached, or may reach, are sufficient or insufficient to satisfy the creditors, nor can it be considered, upon a demurrer to the bill, whether, by the proceedings in the original cause, it has been made to appear that there are no assets sufficient to satisfy creditors.

The demurrer to the bill must therefore be overruled.